FILED
CLERK, U.S. DISTRICT COURT

JUL - 3 2012

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

JS-6

**NOTE CHANGES MADE BY THE COURT.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENNHEISER ELECTRONIC CORPORATION, d/b/a SENNHEISER USA, a Delaware Corporation, and SENNHEISER ELECTRONIC GMBH & CO. KG, a German Limited Liability Company<br><br>Plaintiffs,<br><br>v.<br><br>YOUNGSOO PARK, an Individual, and Does 1-10, Inclusive,<br><br>Defendants. | Case No.: CV11-07880 GHK (Ex)<br><br>[PROPOSED] ORDER RE STIPULATION TO SET ASIDE ENTRY OF DEFAULT AND FOR PERMANENT INJUNCTION AGAINST DEFENDANT YOUNGSOO PARK<br><br>[File concurrently with Stipulation to Set Aside Entry of Default and for Permanent Injunction Against Defendant YOUNGSOO PARK]<br><br>**NOTE CHANGES MADE BY THE COURT.** |

[PROPOSED] ORDER RE STIPULATION TO SET ASIDE ENTRY OF DEFAULT AND FOR
- 1 -
PERMANENT INJUNCTION AGAINST DEFENDANT

1  The Court, pursuant to the Stipulation to Set Aside Entry of Default and for
2  Permanent Injunction Against Defendant Youngsoo Park ("Stipulation"), between
3  Plaintiffs SENNHEISER ELECTRONIC CORPORATION d/b/a SENNHEISER
4  USA and SENNHEISER ELECTRONIC GMBH & CO.KG ("Plaintiffs"), on the
5  one hand, and Defendant YOUNGSOO PARK ("Defendant"), on the other hand,
6  hereby ORDERS, ADJUDICATES and DECREES as follows:

7  1.  The Default entered by the Clerk against Defendant on April 18, 2012,
8  is hereby SET ASIDE;

9  2.  **PERMANENT INJUNCTION.** Defendant and any person or entity
10 acting in concert with, or at the direction of him, including any and all agents,
11 servants, employees, partners, assignees, distributors, suppliers, resellers and any
12 others over which he may exercise control, *and who shall receive notice of this injunction by service or otherwise* are hereby restrained and enjoined,
13 pursuant to 15 *U.S.C.* §1116, from engaging in, directly or indirectly, or
14 authorizing or assisting any third party to engage in, any of the following activities
15 in the United States and throughout the world:

16  a.  copying, manufacturing, importing, exporting, marketing,
17 selling, offering for sale, distributing or dealing in any product or service that uses,
18 or otherwise making any use of, any Plaintiffs SENNHEISER® trademarks, and/or
19 any intellectual property that is confusingly or substantially similar to, or that
20 constitutes a colorable imitation of, any of Plaintiffs' SENNHEISER®
21 trademarks, whether such use is as, on, in or in connection with any trademark,
22 service mark, trade name, logo, design, Internet use, website, domain name,
23 metatags, advertising, promotions, solicitations, commercial exploitation,
24 television, web-based or any other program, or any product or service, or
25 otherwise;

26  b.  performing or allowing others employed by or representing him,
27 or under his control, to perform any act or thing which is likely to injure Plaintiffs,

28

any of Plaintiffs' SENNHEISER® trademarks, and/or Plaintiffs' business reputation or goodwill;

      c.    engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, or other act which would tend damage or injure Plaintiffs; and/or

      d.    using any Internet domain name or website that includes any Plaintiffs' trademarks, including the SENNHEISER® marks.

3. Defendant is ordered to deliver immediately for destruction all unauthorized products, including counterfeit SENNHEISER® products and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in his possession or under his control bearing any of Plaintiffs' intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendant's possession.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant.

5. Having SETTING ASIDE the default against Defendant and having entered the above permanent injunction against Defendant, the Court hereby DISMISSES, without prejudice, Plaintiffs' claims against Defendant, pursuant to Rule 41(a)(1)(A)(ii) of the *Federal Rules of Civil Procedure*.

///
///
///
///

[PROPOSED] ORDER RE STIPULATION TO SET ASIDE ENTRY OF DEFAULT AND FOR PERMANENT INJUNCTION AGAINST DEFENDANT
- 3 -

6. **NO FEES AND COSTS**. Each party shall bear its own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED this 28TH day of June, 2012.

HON. GEORGE H. KING
United States District Judge for the Central District of California

[PROPOSED] ORDER RE STIPULATION TO SET ASIDE ENTRY OF DEFAULT AND FOR PERMANENT INJUNCTION AGAINST DEFENDANT
- 4 -

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham, LLP, 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On June 27, 2012, I served the within document(s):

**[PROPOSED] ORDER RE STIPULATION TO SET ASIDE ENTRY OF DEFAULT AND FOR PERMANENT INJUCTION AGAINST DEFENDANT YOUNGSOO PARK**

- ☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.
- ☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.
- ☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.
- ☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

**Youngsoo Park**
**164 Church Hill Rd.**
**Trumbull, Connecticut 06611**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 27, 2012, at Woodland Hills, California.

Edit Avakian